HOUSTON, Justice
(dissenting).
I think the Charles Henderson Memorial Association had standing and should have been allowed to intervene. Hooker v. Edes Home, 579 A.2d 608 (D.C.App.1990); Alco Gravure, Inc. v. Knapp Foundation, 64 N.Y.2d 458, 479 N.E.2d 752, 490 N.Y.S.2d 116 (1985); Gray v. Saint Matthews Cathedral Endowment Fund, 544 S.W.2d 488 (Tex.Civ.App.1976). When a transaction is judicially determined to be self-dealing between the trustee and the trust asset (in this ease the Bank is the trustee and 51.12% of the stock of the trustee Bank is the trust asset), I cannot hold that the Charles Henderson Memorial Association, which receives all income from the trust for use in operating and maintaining the Charles Henderson Child Health Center, does not have standing in a judicial proceeding that will affect the stock of the trustee. If the attorney general opposed the Association’s intervention, I would be more inclined to affirm the judgments of the trial court and the Court of Civil Appeals; however, the attorney general has endorsed the Association’s claim of a right to intervene.